RANGER v. CHAMPION COTTON-PRESS Co. et al.

(Circuit Court, D. South Carolina. July 5, 1892.)

1. CORPORATIONS—RIGHTS OF SHAREHOLDERS—INSPECTION OF BOOKS.
    In the United States, a shareholder in a corporation has the right, under proper safeguards, to inspect the books of the concern, unless the charter or by-laws otherwise provide.
2. SAME—EQUITY JURISDICTION—ORDER FOR INSPECTION.
    A court of equity may, in its discretion, order the officers of a corporation to permit a shareholder to inspect its books at any stage of the proceedings, but it will. not do so upon the mere filing of the bill, or after service and before answer, except upon the most pressing necessity; since defendants may deny that plaintiff is a shareholder, or may set up that the charter or by-laws modify his right to such inspection.

In Equity. Bill by Louis Ranger against the Champion Cotton-Press Company and others. Heard on a motion for leave to inspect the books of the defendant company. Denied.

*Mitchell & Smith*, for complainant.
*Lord, Nathans & Bryan*, for defendants.

SIMONTON, District Judge. Motion for leave to inspect books of the defendant company. This bill was filed on 24th June ult. It is by one claiming to be a corporator in the Champion Cotton-Press Company against the corporation, B. F. McCabe, Mrs. Elizabeth Dowie, and her husband, Margaret B. Mure, William Mure, and William Fatman. It alleges that the capital of the company is $84,000, divided into 120 shares of $700 each, of which the company has 19, Mrs. Dowie 15, Miss Mure 15, William Mure 10, E. D. Mure 6, William Fatman 20, and B. F. McCabe 15, and these, with the 20 shares held by complainant, constitute all the capital stock; that McCabe is president and superintendent and William Mure vice president and secretary and treasurer; that no exhibit of the affairs of the company was made; no annual meeting held in 1891, as required by the by-laws; that at the annual meeting held in 1892, complainant requested and demanded a full exhibit of the business of the company, and leave to examine its books for the purpose of ascertaining the condition of its business, and that these were peremptorily refused by the president and other officers. It charges mismanagement by Mr. McCabe as president, and misuse of the funds of the company, especially of a fund of $25,640.95; that this sum should be divided among the stockholders; and that Mr. McCabe and the other officers refused so to do. Charges that the funds of the company have been deposited in the name of B. F. McCabe, and are drawn on his check, whereas the by-laws require them to be deposited in the company's name, and drawn out by the check of the treasurer, countersigned by the president; that the president makes use of his position, aided by the treasurer, in evading any accounting by the former; that complainant is entitled to an examination and inspection of the books of the company by himself, or by his attorneys and experts, and that this is wholly denied to him by the president and other

officers of the company, and charges that this refusal is for the purpose of preventing the proper appropriation of moneys of the company. The prayer is for a decree for such examination of the books of the company as he is entitled to, for an account from B. F. McCabe, superintendent and president, for declaration of a dividend, for the appointment of a receiver, for a sale and division of the property. This bill having been filed on 24th June, the complainant, on 30th June, after all defendants had been served with process, made his motion, notice of which is dated 27th June, that all the books and papers of the company be brought into court or some other convenient place for the examination and inspection of complainant or his attorneys, and such expert book-keepers and accountants as he may employ. The motion is resisted by counsel representing the company, and B. F. McCabe, and William Mure, vice president and secretary and treasurer.

' There can be no doubt that in this country a shareholder has the right, under proper safeguards, to inspect the books of the corporation, unless the charter or the by-laws provide otherwise. 1 Whart. Ev. § 746; Ang. & A. Corp. § 681. Mr. Morawetz in his book says the members of a simple partnership are entitled to examine the partnership books and accounts whenever they desire. Corp. § 473. He excludes large joint-stock companies and corporations from this rule, but in the same section says: "However, in the United States the prevailing doctrine appears to be that the individual shareholders in a corporation have the same right as the members of an ordinary partnership to examine their company's books, although they have no power to interfere with the management." It is insisted, however, that the normal mode of asserting this right is by *mandamus*, and that, complainant having asked it in this bill as ancillary to the equitable relief prayed, the court can at this stage examine the bill and decide whether it gives him any *locus standi;* or if he be properly in court, it would be best to await the making up of the issues in the case at the proper time or proper pleadings. A searching criticism of the bill was made in argument. But, from the view that I take of this motion, we need not enter upon its examination. As a matter of practice, I am inclined to the opinion that the court, within its discretion, can order corporate authorities to permit a shareholder an inspection of the books of the corporation at any stage of the suit. But it will not make such an order upon the filing of the bill, or before the parties have appeared and pleaded, except under the most pressing necessity. Indeed, the courts of equity act *ex parte* when there is danger of immediate or irreparable damage, or of some impending change in the circumstances of the parties which may impede justice or work injustice. When these reasons do not exist, things will take their usual course. Where the order would be equivalent to a decree for the plaintiff, the court will refuse it. Daniells, Ch. Pr. star page 1829. Where, also, the order may force the hand of the defendant, and compel him to disclose his defense prematurely, it should be refused. The first prayer in this bill is for the inspection of these books, in the words of the present motion. If the motion be granted,

this much of plaintiff's case is gained. It may be that his whole case may be decided. Beside this, while the right of examination of the books is as stated, this qualification must also be noted. If the defendents deny that complainant is a stockholder, or aver that the charter or the by-laws of the company, by provisions therein, modify this right, issues would be raised which could not be tried at this stage of the case. The defendants need not even present them at this stage. On the whole, it seems premature to grant this order now. The motion is dismissed without prejudice to the renewal of the motion at a later stage of the case.